41 So.2d 69

**STATE v. WILLSON.**

No. 39317.

April 25, 1949.

Rehearing Denied May 31, 1949.

Warren Hunt, Rayville, and Wedon T. Smith, Jonesville, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., D. W. Gibson, Dist. Atty., Harrisonburg, S. R. Thomas, Special Counsel Natchitoches, for appellee.

McCALEB, Justice.

Corinne Willson was indicted and tried for the murder of her husband. She was convicted of manslaughter and sentenced to serve four years in the penitentiary. Her appeal embraces nine bills of exception.

The first bill was taken to the overruling of a motion to quash the indictment. This motion is founded on the theory that, since the indictment is not drawn in the short form authorized by Article 235 of the Code of Criminal Procedure and charges that the defendant "did feloniously, wilfully, unlawfully and of her malice aforethought did kill and murder * * *", it does not state the offense of murder as now defined by Article 30 of the Criminal Code.

The complaint is without merit. The forms outlined in Article 235 are permissive, not exclusive. The indictment contains all the essential ingredients of the crime of murder.

The other bills of exception are based mainly on the refusal of the court to hear evidence on a motion for a new trial pertaining to alleged prejudicial matters of which no complaint had been made at the time of their occurrence. For example, bills 2, 3 and 4 were taken to the court's rejection of testimony on the motion for a new trial relative to the intoxication of two defense witnesses.

The trial judge was correct in declining, on the hearing of the motion, to notice alleged irregularities or admit evidence respecting complaints which should have been made at the trial. Article 510 of the Code of Criminal Procedure declares:

"To avail as ground for a new trial, any irregularity in the proceedings, not patent on the face of the record, must be objected to at the time of its occurrence and a bill of exceptions be reserved to the adverse ruling of the court upon such objection. Failure to reserve a bill at the time of the ruling operates as a waiver of the objection and as an acquiescence in the ruling."

It appears that defense counsel were well aware of the intoxication of the two witnesses; yet no complaint or motion for continuance was made at the time the alleged injury occurred. The motion for a new trial cannot be employed as a substitute for objections which should have been made during the course of the trial. State v.

Franks, 199 La. 259, 5 So.2d 765, and State v. Augusta, 199 La. 896, 7 So.2d 177.[1]

Counsel for defendant, however, maintain that a new trial should be ordered under the fifth paragraph of Article 509 of the Code of Criminal Procedure, which sets forth the instances in which a new trial should be granted, viz.:

"5. Whenever, though as a matter of legal right the accused may not be entitled to a new trial, yet the judge is of the opinion that the ends of justice would be served by the granting of a new trial."

■ Obviously, this provision pertains solely to the trial judge. It does not and cannot vest discretionary powers in this Court to order a new trial in the absence of legal error—as our jurisdiction in criminal cases extends to questions of law alone. Article VII, Section 10 of the Constitution. Additionally, Article 516 of the Code of Criminal Procedure restricts our appellate and supervisory jurisdiction, in reviewing the refusal of a new trial, to a consideration of matters of law.

■ Bill of exception No. 5 is a belated complaint respecting the length and schedule of the trial and falls in the same category as the bills above discussed.

■■ Bills 6 and 7 are based on the purported objectionable remarks of counsel for the state in his closing argument to the jury. As no complaint was registered at the time the statements were made and since the remarks were not of the type constituting reversible error even though objection be not made, i.e., appeals to racial prejudice or comments relative to the failure of the accused to take the stand, they cannot be considered on the motion for a new trial.

Bills 8 and 9 were taken to the overruling of the motion for a new trial and in arrest of judgment. They present nothing for further discussion as they are founded on the propositions heretofore considered.

The conviction and sentence are affirmed.

O'NIELL, C. J., takes no part.

---

[1] See also Article 502, Code of Criminal Procedure, which declares: "No error, not patent on the face of the record, can be availed of after verdict, unless objection shall have been made at the time of the happening of such error and unless at the time of the ruling on the objection a bill of exceptions shall have been reserved to such adverse ruling."