*613
 
 PER CURIAM.
 

 liWe have observed tension between conflicting rulings of this court as to whether a trial judge’s ruling on a motion for new trial to serve the ends of justice presents a question of law reviewable under an abuse of discretion standard.
 
 State v. Miller,
 
 05-1111, p. 1 (La.3/10/06), 923 So.2d 625, 626. For the reasons set forth below, we find the grant or denial of a motion for new trial pursuant to La.Code Crim. Proc. art. 851(5) presents a question of law subject to appellate review.
 

 After a jury trial, Vedo Guillory was convicted of two counts of aggravated rape and one count of aggravated incest. Subsequently, defendant moved for a new trial pursuant to La.Code Crim. Proc. art. 851,
 
 [1]
 
 
 *614
 
 contending the verdict was contrary |2to the law and evidence,
 
 see
 
 La.Code Crim. Proc. art. 851(1); that the trial court’s ruling admitting redacted versions of jailhouse taped phone conversations showed prejudicial error,
 
 see
 
 La. Code Crim. Proc. art. 851(2); and that the ends of justice would not be served if the verdict was allowed to stand,
 
 see
 
 La.Code Crim. Proc. art. 851(5). The defendant also moved for a post verdict judgment of acquittal on the aggravated incest conviction.
 

 After a hearing, the trial court denied the motion for post verdict judgment of acquittal, and denied the motion for a new trial on the grounds averred pursuant to La.Code Crim. Proc. art. 851(1) and (2). However, the trial court granted a new trial pursuant to La.Code Crim. Proc. art. 851(5), declaring it “indicated early on that I had some concerns with some issues that were occurring in this case as this case progressed,” further stating “where this court has the opportunity or dictates to sit as a 13th juror, as to whether the ends of justice would be served in granting a new trial, I’m granting that at this time.”
 

 Denying the State’s writ, the court of appeal found the State had failed to establish the trial court committed an error of law. The court of appeal additionally observed the grant of a motion for a new trial to serve the ends of justice is not subject to review upon appeal. State
 
 v. Guillory,
 
 10-299 (La.Ct.App. 3 Cir. 4/27/10). We granted the State’s writ in order to provide guidance to the lower courts on whether a ruling on motion for a new trial pursuant to La.Code Crim. Proc. art. 851(5) is reviewable.
 

 We commence our analysis with the article pertaining to review of the motion for new trial, La.Code Crim. Proc. art. 858, which provides: “Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or refusal to grant a new trial, except for error of law.” The official revision [ocomment-l966 notes this article is copied almost verbatim from Article 516 of the 1928 Code of Criminal Procedure and is a particularized application of the constitutional limitation of the Supreme Court’s appellate jurisdiction to questions of law only.
 
 [2]
 
 Thus, if the grant or denial of a new trial pursuant to La.Code Crim. Proc. art. 851(5) is a question of law, then the appellate or supervisory jurisdiction of the appellate courts and Supreme Court is properly invoked.
 

 When a new trial is granted pursuant to La.Code Crim. Proc. art. 851(1)
 
 *615
 
 because the trial judge finds the verdict to be contrary to the evidence,
 
 i.e.,
 
 there is reasonable doubt as to the guilt of the defendant, that is unreviewable because the Supreme Court may not review facts in a criminal case.
 
 State v. Gilbert,
 
 286 So.2d 345, 351 (La.1973)(citing La. Const. Art. VII, § 10 (1921)). A motion for a new trial challenging the sufficiency of the evidence is a question of fact outside of the higher courts’ constitutional scope of review.
 
 State v. Williams,
 
 346 So.2d 181, 191 (La.1977). Rut the grant of a new trial pursuant to La.Code Crim. Proc. art. 851(5) does not involve questions of fact, but a determination by the trial court that the ends of justice would be served by a new trial even though the defendant may not be entitled to one as a matter of strict legal right. Although this court has stated on many occasions the grant or denial of a new trial under subparagraph (5) is unre-viewable,
 
 State v. Toomer,
 
 395 So.2d 1320, 1328 (La.1981);
 
 State v. Matthews,
 
 354 So.2d 552, 562 (La.1978);
 
 State v. Williams,
 
 343 So.2d 1026, 1037 (La.1977);
 
 State v. D’Ingianni,
 
 217 La. 945, 47 So.2d 731, 733 (1950), none of these decisions held it was unreviewable because it involved questions of fact. These cases held, with no analysis or rationale, that La.Code Crim. Proc. art. 851(5) is a ground upon which the |4trial judge may grant a new trial and that presents nothing for appellate review. Moreover, the
 
 D’Ingianni
 
 decision cited to
 
 State v, Willson,
 
 215 La. 507, 41 So.2d 69, 70 (1949), which held subparagraph 5 of Article 509 of the 1928 Code of Criminal Procedure
 
 [3]
 
 pertains solely to the trial judge and does not vest discretionary power in the Supreme Court to order a new trial
 
 in the absence of legal error.
 
 (Emphasis supplied.) There is no support for prior holdings that a trial court ruling under La.Code Crim. Proc. art. 851(5) is not subject to review.
 

 We find our jurisprudence holding the trial court’s ruling on a motion for a new trial to serve the ends of justice is reviewable under an abuse of discretion standard comports with the role of this Court and the appellate courts to review questions of law in criminal cases. This Court held the question of whether the trial court abused its discretion in granting or refusing a new trial on the ground of serving the ends of justice presents a question of law, which should not be disturbed on review unless the trial court abused its great discretion.
 
 State v. Randolph,
 
 275 So.2d 174, 177 (La.1973). This decision was not an aberration.
 
 State v. West,
 
 172 La. 344, 134 So. 243 (1931)(motion for a new trial to serve the ends of justice reviewed for clear abuse of discretion);
 
 State v. Truax,
 
 222 La. 463, 62 So.2d 643, 644 (1952)(this Court will not interfere with the determination of this issue unless the trial court arbitrarily abused its discretion).
 

 In deciding whether the trial court in the matter before us abused its great discretion in granting a new trial solely on La.Code Crim. Proc. art. 851(5), we keep in mind two precepts. One, in this provision the trial court is vested with almost unlimited discretion and its decision should not be interfered with unless there has lsbeen a palpable abuse of that discretion.
 
 State v. Bolivar,
 
 224 La. 1037, 71 So.2d 559, 560 (1954). Two, “[t]he motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.” La.
 
 *616
 
 Code Crim. Proc. art. 851;
 
 West,
 
 134 So. at 244.
 

 When the trial judge sits as a thirteenth juror for the ground at issue here, the inquiry is whether the verdict falls short of serving the best interests of justice.
 
 State v. Watts,
 
 2000-0602, p. 9 (La.1/14/03), 835 So.2d 441, 449, n. 8. Sitting as a thirteenth juror, the trial court answered this question in the affirmative, declaring it had indicated early on that it had some concerns with some issues that were occurring in this case. That was the extent of the trial court’s rationale. Bearing in mind the great discretion afforded the trial court, this rationale, by itself, is insufficient to find the trial court did not abuse its discretion.
 

 Opposing the State’s writ, the defendant contends the hearing demonstrated the judge continued to correct the State as to the facts, procedural history and the evidence. However, a close review of the hearing transcript shows the court took the prosecutor to task for arguing in his brief opposing the motion for new trial that the defendant lied about possessing marijuana, when all that was found were seeds determined by the lab to be “microscopically similar” to marijuana seeds but containing no controlled dangerous substance. This lab report was admitted into evidence at trial. The defendant also takes issue with the prosecutor’s “misrepresentation of the expert’s testimony.” Again, this happened at the hearing on the motions for new trial and for post judgment verdict of acquittal, not at trial. The trial court quickly corrected the prosecutor as to what the expert had actually said. Finally, the defendant avers the trial judge granted a new trial because he was not | fiswayed by the prosecutor’s attempts to bolster the State’s case by admission of jailhouse tapes that presented the defendant in a bad light due to his use of profanity and the State’s decision to present the expert testimony of Dr. Soileau rather than Sam Armer after the trial commenced. At the hearing, the trial court specifically rejected that his own ruling on the admissibility of the tapes was prejudicial error and denied the motion for a new trial under La.Code Crim. Proc. art. 851(2). As for the switch of the experts, at the hearing on the motions the trial court questioned the prosecutor regarding the court’s instruction to tell the jury which witnesses it would call; the prosecutor admitted that at that time the State did not have Dr. Soileau as an expert witness. Moreover, the trial transcript reveals the State switched experts because of the motion for a
 
 Daubert
 
 hearing on Sam Arm-er’s methodology. Defense counsel did not challenge Dr. Soileau’s methodology and the trial court considered and overruled the defendant’s motion to limit Dr. Soi-leau’s testimony.
 

 In short, there is nothing evident from the hearing on the motion for a new trial that indicates why the trial court granted a new trial to serve the ends of justice. In support of his motion pursuant to La.Code Crim. Proc. art. 851(5), the defendant merely averred that a decision to grant a new trial on this ground is basically unreviewable. Although there has been confusion in our jurisprudence on whether a ruling on this ground is reviewable by a higher court, we find when the trial court exercises its discretion to grant a new trial pursuant to La.Code Crim. Proc. art. 851(5) without articulating the reasons for doing so, this ruling can be reviewed as to whether it constitutes an error of law.
 

 Although we are cognizant of the great discretion afforded the trial court in these rulings, and further cognizant that a new trial can be granted if the trial court is of the opinion that would serve the ends
 
 *617
 
 of justice even though the defendant may not 17be entitled to a new trial as a matter of strict legal right, where the trial court exercises its discretion and fails to identify the concerns it had with the trial, we find the decision to grant a new trial was an error of law because there is nothing to support the exercise of the trial court’s discretion. An articulation of what concerns the court had and with what issues would better enable the higher courts to review for an abuse of discretion.
 
 See, Miller,
 
 923 So.2d at 627 (judgment issued by the trial court demonstrated the trial court did not act arbitrarily or capriciously in exercising its authority under La.Code Crim. Proc. art. 851(5)).
 

 For the foregoing reasons the trial court ruling granting a new trial is reversed and vacated and the jury’s verdict is reinstated. This matter is remanded to the trial court for sentencing of the defendant.
 

 REVERSED AND REMANDED.
 

 VICTORY, J., concurs in part and dissents in part for the reasons assigned by WEIMER, J.
 

 WEIMER, J., concurs in part and dissents in part.
 

 WEIMER, J.,
 

 concurring in part and dissenting in part.
 

 hi agree that La.C.Cr.P. art. 858 allows for appellate review for error of law of a grant of a motion for new trial pursuant to La.C.Cr.P. art. 851(5).
 
 See State v. Willson,
 
 215 La. 507, 41 So.2d 69, 70 (1949), which held that former La.C.Cr.P. art. 509(5),
 
 [1]
 
 on which current La.C.Cr.P. art. 851(5) is based, did not vest discretionary powers in an appellate court to order a new trial in the absence of legal error. Consequently, to the extent that cases including
 
 State v. Toomer,
 
 395 So.2d 1320, 1328 (La.1981),
 
 State v. Matthews,
 
 354 So.2d 552, 562 (La.1978),
 
 State v. Williams,
 
 343 So.2d 1026, 1037 (La.1977), and
 
 State v. D’Ingianni,
 
 217 La. 945, 47 So.2d 731, 733 (1950), can be read to mean that a trial judge’s ruling pursuant to La. C.Cr.P. art. 581(5) is not subject to appellate review, they are in error.
 

 However, there is no statutory obligation which requires a trial judge to supply reasons for the grant of a new trial pursuant to La.C.Cr.P. art. 851(5). In this matter, 12the majority indicates “where the trial court exercises its discretion and fails to identify the concerns it had with the trial, we find the decision to grant a new trial was an error of law because there is nothing to support the exercise of the trial court’s discretion.”
 
 State v. Guillory,
 
 at p. 617.
 

 I acknowledge that the majority is correct that an articulation of the reasons which prompted the trial court to grant the new trial would better facilitate appellate review. However, I would not reverse this matter without first affording the trial court an opportunity to supply this court with a per curiam outlining the reasons why the motion for new trial was granted pursuant to La.C.Cr.P. art. 851(5). The defendant should not be deprived of a favorable ruling at the trial court level because the trial judge failed to articulate reasons when no such obligation was im
 
 *618
 
 posed on the trial judge prior to this ruling.
 

 [1]
 

 . La.Code Crim. Proc. art. 851 provides:
 

 The motion for a new trial is based on the supposition that injustice has been done the
 
 *614
 
 defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
 

 The court, on motion of the defendant, shall grant a new trial whenever:
 

 (1) The verdict is contrary to the law and the evidence;
 

 (2) The court’s ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
 

 (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
 

 (4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
 

 (5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
 

 [2]
 

 . The constitutional restrictions on the Supreme Court and the appellate courts to review of question of law only in criminal cases are found in La. Const. Art. V, § 5(C) and § 10(B) (1974).
 

 [3]
 

 . The official revision comment-1966 to La. Code Crim. Proc. art. 85 Í states this article combines the provisions of Arts. 506, 508, and 509 of the 1928 Code of Criminal Procedure. It also states the grounds for a new trial follow Art. 509 of the 1928 Code very closely.
 

 [1]
 

 . Former La.C.Cr.P. art. 509(5) (1928) provided:
 

 Whenever, though as a matter of legal right the accused may not be entitled to a new trial, yet the judge is of the opinion that the ends of justice would be served by the granting of a new trial.
 

 Currently, La.C.Cr.P. art. 581(5) provides:
 

 The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.