ROBERT M. MURPHY, Judge.
|2The State appeals the trial court’s granting of a new trial. For the reasons that follow, this Court affirms.

PROCEDURAL HISTORY

On January 26, 2011, the defendant, Quincy McKinnies, Jr., was charged by bill of information with aggravated assault on a peace officer with a firearm, a violation of La. R.S. 14:37.2. On January 28, 2011, defendant was arraigned and pled not guilty. The matter proceeded to trial on October 18, 2011; the jury found defendant guilty as charged.
On November 3, 2011, defendant filed a motion for new trial based on the discovery of new evidence. In defendant’s affidavit in support of his motion for a new trial, defendant argued that a new trial was warranted on the grounds that newly discovered evidence, regarding the credibility of key witness Officer Ryan Mekdes-sie, “would probably have changed the verdict or judgment of guilty.” On |3January 3, 2012, after listening to the arguments of counsel, the trial judge took the motion for a new trial under advisement. On January 5, 2012, the trial judge granted defendant’s motion for a new trial, declaring in both the oral and written judgment that “the ends of justice would best be served by the granting of a new trial,” pursuant to La.C.Cr.P. art. 851(5).
The State thereafter filed a timely writ application with this Court under docket number 12-K-192, seeking review of the trial court’s granting of defendant’s motion for a new trial, arguing among other things that the trial court erred in granting the motion “in the interest of justice without identifying the reasons for the ruling.” On March 1, 2012, this Court directed the district court to issue a per curiam opinion “outlining the reasons why the motion for new trial was granted pursuant to La.C.Cr.P. art. 851(5).”
On March 5, 2012, the trial judge issued a per curiam, stating: “[t]he court after hearing the testimony of witnesses, watching their demeanor while testifying, and considering the evidence presented by all parties, has reasonable doubt as to the guilt of the defendant. Therefore, the court believes that the ends of justice would best be served by granting defendant, Quincy McKinnies a new trial.”
After review by this Court of the per curiam filed by the trial judge, on March 22, 2012, this Court granted the State’s writ for the limited purpose of instructing the trial court to consider the State’s notice of intent to seek writs as a motion for appeal of the lower court’s ruling granting the defendant’s motion for new trial. Thus, pursuant to our Court’s order, the trial court granted the State’s motion for appeal.
Subsequent to the filing of the State’s appeal, defendant filed a motion to remand “this case back to the trial court in order for the appellee to amend his original motion for new trial to include the newly disclosed information as further reasons for the motion being granted.” On June 18, 2012, this Court granted ^defendant’s motion to remand “for further proceedings surrounding appellee’s motion for new trial.” The proceedings in this Court were stayed “until such time that the proceedings in the trial court are concluded.” On October 26, 2012, a hearing was held in the trial court wherein defendant made an oral motion to amend his original motion for a new trial “by adding a witness.” The trial court denied defendant’s motion to amend his original motion for a new trial.
The State now appeals the granting of defendant’s motion for a new trial.

FACTS

At approximately 2:30 a.m. on December 1, 2012, Detective Ashton Gibbs was on *149 a foot patrol detail at the Gator Bait Lounge when he observed a parked vehicle illegally blocking a residential driveway. Upon approaching the vehicle, Detective Gibbs observed that the windows were darkly tinted; so, he used his flashlight to look inside the vehicle to determine whether it was occupied. When he peered inside the vehicle, Detective Gibbs saw a handgun in plain view on the floorboard between the passenger and driver seats. Gibbs returned to his police car and conducted a computer inquiry of the illegally parked vehicle’s license plate. The search revealed that the vehicle was registered to a woman by the name of Aisha Blakely. Because the search revealed that Blakely was not a convicted felon, Detective Gibbs testified that “the gun became of no concern.”
While filling out the parking citation for the illegally parked vehicle, defendant exited the Gator Bait Lounge and proceeded to walk towards the vehicle. Defendant then retrieved a set of keys from his pocket and unlocked the vehicle with his remote. Believing defendant to be the driver of the vehicle, the officer attempted to approach defendant to issue him a parking citation. Defendant disregarded the officer, entered the vehicle, and drove off at a high rate of speed despite warnings by the officer to stop. Detective Gibbs testified that he observed defendant neglect to stop at two stop signs as he fled from the Gator Bait Lounge.
| .¡Detective Gibbs testified that Officer Ryan Mekdessie, who was also on the scene, was aware of the situation leading up to defendant’s flight. Accordingly, Officer Mekdessie activated the emergency lights and sirens on his police vehicle, and gave chase in an attempt to stop defendant. Detective Gibbs testified that he then returned to his own police car and drove to the dispatched location where defendant had abandoned his vehicle.
After setting up a perimeter around defendant’s abandoned vehicle with various other reporting officers, defendant was spotted and pursued by Officer Mekdessie. Detective Gibbs testified that while stationed at his perimeter position, he heard Officer Mekdessie repeatedly shouting, “[l]et me see your hands. Show me you [sic] hands.” After hearing that phrase shouted, Detective Gibbs heard two gunshots, again followed by Officer Mekdes-sie’s warning and followed by three more gunshots. When Detective Gibbs arrived at the area where the shots had been fired, he observed Officer Mekdessie, Officer Newby, Officer Arabie, and Officer Benet near defendant who had sustained a gunshot wound and was lying on the ground.
Upon arrest, it was noted that defendant suffered from a graze wound to his abdomen and hip, and Officer Mekdessie’s K-9 had also suffered from a gunshot wound. Defendant was transported to the hospital for treatment. Defendant’s gun was never recovered despite search efforts made by various officers.
Sergeant Tris Lear testified that he assisted in setting up the perimeter around defendant’s abandoned vehicle. While positioned with Detective Gibbs and Sergeant Heintz behind a wooded area, Sergeant Lear testified that he heard Officer Mekdessie shout the warning again, followed by three more gunshots.
Officer Mekdessie testified that he is a patrol officer and K-9 handler for the Gretna Police Department. While on patrol, Officer Mekdessie testified that Detective Gibbs informed him of his intention to issue a parking citation for a | ¡¡vehicle in which a handgun was observed on the floorboard. Thus, when defendant attempted to flee in the subject vehicle, Officer Mekdessie testified that he activated *150 his lights and sirens and gave chase in his marked patrol unit. When defendant finally stopped his vehicle after fleeing for a “couple of blocks,” he got out and began to flee on foot. Officer Mekdessie testified that he was a few feet away from defendant who pointed a gun at him before he fled on foot. Officer Mekdessie testified that when defendant pointed his gun at him, he had his patrol car door open. He immediately took cover and unholstered his weapon. When he looked up, defendant was gone. At that time, Officer Mek-dessie released his K-9 and followed his K-9 in an attempt to locate defendant. Officer Mekdessie testified that his K-9 picked up defendant’s scent, but Officer Mekdessie pulled back his K-9 and set up another perimeter rather than follow the scent for safety reasons.
Over the radio, Officer Mekdessie advised of his position and provided a description of defendant. According to Officer Mekdessie, one of the three on-scene officers reported seeing defendant; so, Officer Mekdessie relocated to the referenced location which was approximately four blocks from his position. Prior to reporting to the location, Officer Mekdes-sie placed a harness with a 15-foot lead on his K-9. Officer Mekdessie was led by his K-9 to a dark, vacant lot where defendant was hiding behind a tree. Officer Mekdes-sie testified that he ordered defendant to come out from behind the tree, shouting, “[s]how me your hand[s]. Show me your hands.” Defendant did not come out; so, Officer Mekdessie released his K-9. Once his K-9 approached defendant, Officer Mekdessie testified that he “heard some tussling going on” and then saw defendant move from behind the tree with his right hand grabbing his K-9’s neck with “his other hand coming from his waistband.” Officer Mekdessie further testified that he shouted “[s]top fighting my dog. Show me your hand[s]. Show me your hands.” When defendant |7failed to comply, Officer Mekdessie testified that he was in fear for his life and his K-9’s; so, he fired two shots. After firing the two gunshots, Officer Mekdessie’s K-9 returned limping, while defendant proceeded to jump the fence. Officer Mekdessie again ordered defendant to show his hands, but he refused to comply and was observed reaching in his waistband. At that time Officer Mekdessie testified that he fired three more shots. With defendant on the ground, Officer Mekdessie testified that defendant put his hands up, stating, “I’m hit.”
On cross-examination, Officer Mekdessie testified that defendant only pointed his weapon at him and did not fire.
Defendant testified, admitting that he fled from the police and that after running four or five blocks, the police caught up to him. Defendant testified that before he could jump the fence, the police started shooting at him, causing him to “hit the ground.” He further testified that when the police approached him, they placed him in handcuffs and started to beat him, knocking out all of his teeth on one side of his mouth. Defendant denied ever pointing a weapon at any police officer, denied having a weapon in his possession that night, and further denied having a weapon in his girlfriend’s vehicle. He testified that he was never confronted by a K-9 and did not know there was a K-9 on the scene until he overheard the officers stating that he had shot them dog. Defendant also testified that he never heard the officer order him to show his hands; instead, the officer just started shooting.

ASSIGNMENTS OF ERROR

1. The trial court erred in granting a motion for a new trial where the written reasons granting the new trial are not responsive to the rea *151 sons given by the defense requesting a new trial.
2. The defense failed to filed a post-verdict judgment of acquittal; therefore, the trial court erroneously considered the sufficiency of the evidence in granting a new trial.
|s3. It was erroneous for the trial court to grant a new trial without identifying the reasons for granting the new trial or the legal standard used.
4. It was erroneous for the trial court to grant a new trial where the alleged new evidence was not shown to be newly discovered.
5. It was erroneous for the trial court to grant a new trial where the alleged new evidence would not have changed the jury verdict.
6. Any error in this case was harmless.

DISCUSSION

In its first assignment of error, the State argues that the objections raised by defendant in his written motion for a new trial, and at the hearing on his motion, are different from the grounds upon which the trial court granted defendant a new trial. In particular, the State notes that despite the “newly discovered” evidence ground asserted by defendant in support of his motion, the trial court granted defendant’s motion based on a finding that the court had reasonable doubt as to defendant’s guilt. Thus, the State claims that the trial court erred in its ruling because the trial court is limited in granting a new trial to the objections presented. Accordingly, the State concludes that when the trial court granted defendant’s motion for a new trial on its own finding of reasonable doubt, it applied the incorrect standard of review, and, in doing so, abused its discretion.
Additionally, in its third assignment of error, the State contends that where the trial court exercises its discretion and fails to identify the concerns it has with the trial, the decision to grant a new trial is an error of law because there is nothing to support the exercise of the trial court’s discretion. Thus, the State argues that the trial court’s failure to provide reasons for its granting of defendant’s motion for a new trial warrants reversal of the court’s ruling.

Law and analysis:

Based on a reading of the trial court’s oral and written reasons for judgment, in addition to the court’s per curiam, we find that the trial court complied with the requirements in granting defendant a new trial.
1 3La.C.Cr.P. art. 851 provides:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court’s ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, *152 was not discoverable before the verdict or judgment; or
(5) The court is of the opinion that the ends of justice would be sened by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right. (Emphasis added).
La.C.Cr.P. art. 852 requires that: “[a] motion for new trial shall be in writing, shall state the grounds upon which it is based and shall be tried contradictorily with the district attorney.” La.C.Cr.P. art 853 requires that the motion for a new trial be filed and disposed of before sentence.
We find that the trial court adhered to the procedural and substantive requirements in hearing and granting defendant’s motion. The court’s oral and written reasons mirrored that of the statute.
A motion for new trial is based on the supposition, a threshold requirement, that injustice has been done to the defendant. State v. Raines, 00-1941, p. 10 (La.App. 5 Cir. 5/30/01), 788 So.2d 635, 642, writ denied, 01-1906 (La.5/10/02), 815 So.2d 833, (citing State v. Washington, 98-69, p. 9 (La.App. 5 Cir. 1/26/99), 727 So.2d 673, 677). After taking the matter under advisement on January 5, 2012, the trial court granted defendant’s motion for a new trial, ruling as follows:
THE COURT:
We’ve considered the motions and argument of counsel that were made on Tuesday. The Court is of the opinion that the ends of justice would be best served by the granting of a new trial. Even though they may not be entitled to it under the grounds that were set forth in the defendant’s motion. I do believe that in the interest of justice, we’re going to go ahead and grant a new trial. And that’s under Article 851, Section 5.
ImMR. SHUTE:
851, Section 5, is the reasons for granting—
THE COURT:
The reasons for the judgment, that is correct.
The court found injustice as required by La.C.Cr.P. art. 851:
[i]n accordance with Louisiana Code of Criminal Procedure art. 851[ (5) ], this Court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
The defendant made a motion for a new trial on November 3, 2011, in compliance with both La.C.Cr.P. art. 851 and the written requirement of La.C.Cr.P. art. 852. The motion was filed before sentencing in compliance with La.C.Cr.P. art. 853. The defendant further stated a ground (new and material evidence) for a new trial in his motion, and the matter was tried contradictorily with the District Attorney on January 3, 2012, pursuant to La.C.Cr.P. art. 852.
The trial court further complied with this Court’s order to submit a per curiam, outlining the reasons why the motion for a new trial was granted. The trial court stated:
The court after hearing the testimony of witnesses, watching their demeanor while testifying, and considering the evidence presented by all parties, has reasonable doubt as to the guilt of the defendant. (Emphasis added).
Therefore, the court believes that the ends of justice would best be served by granting defendant, Quincy McKinnies, a new trial.
State v. McKinnies, 10-6216 (24th JDC 3/5/12) (per curiam). The trial court’s written judgment indicated that he grant *153 ed the new trial on the ends of justice basis of La.C.Cr.P. art. 851(5). Based on the language of the per curiam above, the trial court expanded its ruling to include La.C.Cr.P. art. 851(1) as a basis for finding that a new trial was also warranted because the verdict was contrary to the law and the evidence. On finding grounds for granting a new trial under La.C.Cr.P. art. 851(1) and (5), the trial judge acted in conformity with La.C.Cr.P. art. 851 which requires the trial court to grant a new trial whenever any of the grounds are met: “[t]he court, on motion of the defendant, shall grant a new trial whenever” any one of the grounds of C.Cr.P. art. 851 is met. (Emphasis added).
| nThe State contends that the trial court does not have the authority to grant a new trial on a different basis than that urged by the defendant. We find, however, that the plain language of La.C.Cr.P. art. 851 provides an exclusive list of possible grounds for new trial, that the trial judge stated his reasons within the strict parameters of that Louisiana statute and was within his discretion to consider additional grounds at the hearing. See La. C.Cr.P. art. 856. Nowhere did the Legislature dictate that the judge is restricted to the grounds asserted in the motion filed by defendant.
The next question to address is whether the trial court abused its discretion in granting defendant a new trial under La.C.Cr.P. art 851(1) and (5). The State argues that the record is silent in this case as to the trial court’s considerations in granting defendant a new trial. The State contends that there is nothing to support the exercise of the trial court’s discretion in granting a new trial.
La.C.Cr.P. art. 851(1) provides that the court shall grant a motion for a new trial whenever the verdict is contrary to the law and the evidence. In considering a motion based on this ground, the trial court must sit as a “thirteenth juror,” reweighing the evidence and determining whether it agrees with the jury’s resolution of the evidence, in effect becoming the trier of fact. State v. Guy, 95-0899 (La.App. 4 Cir. 1/31/96), 669 So.2d 517, 523, writ denied, 96-0388 (La.9/13/96), 679 So.2d 102; State v. Jeanlouis, 96-474 (La.App. 3 Cir. 11/6/96), 683 So.2d 1355, 1361, writ denied, 96-2822 (La.4/18/07), 692 So.2d 446; and State v. Korman, 439 So.2d 1099 (La.App. 1 Cir.1983). In considering a motion for a new trial under this ground, the trial court has wide discretion in determining the weight of evidence. The weight of the evidence refers to a determination by the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
|12A determination of the weight of the evidence is a question of fact; and in a criminal case, such a determination is not subject to appellate review. La. Const. art. V, § 10(B); State v. Azema, 633 So.2d 723, 727 (La.App. 1 Cir.1993), writ denied, 637 So.2d 460 (La.1994). Moreover, La. C.Cr.P. art. 858 specifically provides that “[njeither the appellate nor supervisory jurisdiction of the Supreme Court may be invoked to review the granting or the refusal to grant a new trial, except for error of law.” State v. Perrin, 04-471, p. 4 (La.App. 5 Cir. 2/15/05), 897 So.2d 749, 751. The decision on a motion for a new trial rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a showing of an abuse of discretion. State v. Humphrey, 445 So.2d 1155, 1160 (La.1984).
Conversely, the grant of a new trial pursuant to La.C.Cr.P. art. 851(5) does not involve questions of fact, but a determina *154 tion of the trial court that the ends of justice would be served by a new trial even though the defendant may not be entitled to one as a matter of strict legal right. State v. Guillory, 10-1231, p. 3 (La.10/8/10), 45 So.3d 612, 615. The Louisiana Supreme Court had held repeatedly that the grant or denial of a new trial under subparagraph (5) is unreviewable. However, the Guillory Court partially overturned this line of jurisprudence when it determined that a grant or denial of a motion for a new trial pursuant to La. C.Cr.P. art. 851(5) presents a question of law that is subject to appellate review for abuse of discretion. 10-1231 at 3-4, 45 So.3d at 614-15.
In deciding whether a trial court has abused its discretion in granting a new trial under La.C.Cr.P. art. 851(5), the Supreme Court stated that when the trial judge sits as a 13th juror, the inquiry is whether the verdict falls short of serving the best interests of justice. Guillory, 10-1231 at 5, 45 So.3d at 616, (citing State v. Watts, 00-602, p. 9 (La.1/14/03), 835 So.2d 441, 449 n. 8).
Lain Guillory, the trial court answered the question of whether the verdict fell short of serving the best interest of justice in the affirmative declaring that it had indicated early on that it had some concerns with some issues that were occurring in the case, and further stating that “where this court has the opportunity or dictates to sit as the 13th juror, as to whether the ends of justice would be served in granting a new trial, I’m granting that at this time.” Guillory, 10-1231 at 2, 45 So.3d at 614.
The Louisiana Supreme Court considered the great discretion afforded to the trial court and found that the trial court’s declaration regarding “issues and concerns,” by itself, was insufficient to support a finding that the trial court did not abuse its discretion. 10-1231 at 5, 45 So.3d at 616. The Court held that the decision to grant a new trial was an error of law because there was nothing to support the exercise of the trial court’s discretion. 10-1231 at 6, 45 So.3d at 617. (Citation omitted). Ultimately, the trial court’s ruling was reversed and vacated, and the jury’s verdict was reinstated. Id.
We find that the dictates of State v. Guillory, 10-1231 (La.10/8/10), 45 So.3d 612, 615 were followed in the instant matter. The Guillory Court required articulation by the trial court of the “issues and concerns” it had. That is exactly what took place in this case.
The State argues that like the trial court in Guillory, the trial court in this case failed to substantiate its concerns and therefore abused its discretion. Here, however, the trial court answered the appellate court’s inquiry well beyond “unar-ticulated concerns.” Asked to outline the reasons why the motion was granted under La.C.Cr.P. art. 851(5), the trial court specified it had “reasonable doubt” as to the guilt of the defendant, a marked difference from the vague “issues and concerns” rejected in Guillory. In fact, in reviewing the entire trial record, the trial court found “reasonable doubt,” the equivalent of not guilty. If ever the ends of justice were not met by the decision of the jury, it was here, in the trial judge’s |14opinion. We find no error of law in the instant case, as the ground stated by the trial court supports the grant of a new trial.
The State contends in its second assignment of error, that because the defense failed to file a post-judgment verdict of acquittal, the trial court erroneously considered the sufficiency of the evidence in granting a new trial. The State avers that the trial court erroneously applied the incorrect standard of review when granting defendant’s motion for a new trial under *155 La.C.Cr.P. art. 851. The State argues that the trial court considered the sufficiency of the evidence rather than the weight of the evidence in ruling on defendant’s motion. Thus, because the question of sufficiency is properly raised in a post-judgment verdict of acquittal, which defendant did not file, the State argues that granting defendant’s motion for a new trial based on “reasonable doubt” mandates reversal.
The State’s argument in this assignment of error is misplaced. The trial court expressed in its per curiam that it had “reasonable doubt as to the guilt of the defendant.” The State construes this language to mean that the trial court improperly employed a sufficiency standard of review under Jackson.[1] We find the State makes this conclusory allegation without support.
When the trial court reasoned that “after hearing the testimony of the witnesses, watching their demeanor while testifying, and considering the evidence presented by all parties, [the court] has reasonable doubt as to the guilt of the defendant,” it is clear that the trial court believed a new trial was warranted under La.C.Cr.P. art. 851(1). When a new trial is granted pursuant to La.C.Cr.P. art. 851(1), the trial judge makes a finding that “the verdict is contrary to the law and the evidence,” viz., there is reasonable doubt as to the guilt of the defendant. Guillory, 10-1231 at 3, 45 So.3d at 614-15. Notably, the trial court did not use the Jackson language to delineate its findings, namely, that “after viewing the evidence [ 1f,in the light most favorable to the prosecution, any rational trier of fact could have found the essential element of the crime proven beyond a reasonable doubt.” As the trial court did not use sufficiency language, this assignment of error is without merit.
In its assignments of error four, five and six, the State contends it was erroneous for the trial court to grant a new trial where the alleged new evidence was not shown to be newly discovered; it was erroneous for the trial court to grant a new trial where the alleged new evidence would not have changed the jury verdict; and any error in this case is harmless. The State contends the trial court erroneously granted a new trial when defendant failed to: (1) proffer any evidence as to when or how he learned of the alleged “new evidence” regarding Officer Mekdessie; and (2) inform the court of the diligent steps, if any, he took toward discovering the “new evidence” or why the evidence was not discoverable before trial. The State further contends that even if the evidence could have been characterized as “newly discovered,” defendant failed to carry his burden of proving that the alleged new evidence probably would have changed the verdict or judgment of guilty. The State also asserts that defendant failed to show that the allegations against Officer Mek-dessie were relevant or even admissible. Additionally, the State contends that because the alleged newly discovered evidence related to the credibility of Officer Mekdessie, such evidence would not ordinarily support a motion for a new trial. In the alternative, the State argues that should this Court conclude that the jury should have had the opportunity to judge the “unsupported accusations” directed at Officer Mekdessie’s credibility, any alleged error is harmless.
We find the State’s last three assignments of error have already been addressed in this opinion. This Court finds the trial court met the procedural requirements of La.C.Cr.P. 851, et seq., in requiring a written motion listing ajj^ground for a new trial, and holding a contradictory *156 hearing, and in its discretion considering additional grounds.
Accordingly, we find that the merits of defendant’s “newly discovered evidence” which concern Officer Mekdessie’s “credibility,” need not be addressed because such evidence did not form the basis of the trial court’s granting of a new trial. Defendant complied with the requirements of La.C.Cr.P. art. 856 to list the grounds then “known and available” to him; he could not have been expected to know of the trial judge’s then-unexpressed reasons he would ultimately assign to his ruling on defendant’s motion.

ERRORS PATENT REVIEW

The record was reviewed for error patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.

DECREE

We affirm the trial court’s granting defendant Quincy McKinnies, Jr. a new trial.

AFFIRMED

. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).