JOHNSON, Justice,
dissents and assigns reasons.
U would affirm the decision of the court of appeal. Contrary to the majority opinion, I find the trial court had the procedural authority to grant defendant a new trial and did not abuse its wide discretion in finding that the verdict was contrary to law and evidence and that the ends of justice would be served by ordering a new trial.
On January 26, 2011, the state charged defendant with aggravated assault on a police officer with a handgun. A jury found defendant guilty as charged on October 18, 2011. Testimony at trial revealed that this case arose when five police officers and one police K-9 (Dog) gave chase to defendant after he ignored a police officer’s attempt to hand him a “parking” citation. Defendant then entered a vehicle and sped away. At some point, defendant abandoned the vehicle and ran, and a foot ease ensued. One of the five officers giving chase, Officer Ryan Mek-dessie, testified that during the foot chase, he observed the defendant reach onto his waistband and, fearing for his life, Officer Mekdessie fired a total of five gunshots striking both the defendant and the police K-9. Detective Ashton Gibbs testified that he had seen a gun on the floorboard of the vehicle driven by defendant when he ticketed the parked ^vehicle. The defendant denied having a weapon and no weapon was ever found. With this unusual backdrop, the trial court granted defendant’s motion for new trial pursuant to La. C.Cr.P. art. 851(B)(5) ruling that: “[T]he ends of justice would best be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.” The trial court issued a per curiam on March 5, 2012 outlining its reasons for granting the new trial under Article 851(B)(5), stating:
*876 The court after hearing the testimony of witnesses, watching their demeanor while testifying, and considering the evidence presented by all parties, has reasonable doubt as to the guilt of the defendant. Therefore, the court believes that the ends of justice would best be served by granting defendant, Quincy McKinnies, a new trial.
The court of appeal upheld the trial court’s decision to grant defendant a new trial, highlighting La.C.Cr.P. art. 851(B)(1) and (5), which provide that the court shall grant a new trial whenever (1) the verdict is contrary to the law and the evidence; ... or (5) the court is of the opinion that the ends of justice would be served. The court of appeal found that the trial court adhered to the -procedural and substantive requirements in granting defendant’s motion for new trial, and that its reasons mirrored that of the statute.[1]
The court of appeal noted that in addition to the basis of “ends of justice” under Article 851(B)(5), the trial court “expanded its ruling to include also La.C.Cr.P. art. 851(B)(1) as a basis for finding that a new trial was also warranted because the verdict was contrary to the law and the evidence.”[2] The court of appeal found that the trial court granted the new trial on grounds not urged in defendánt’s motion, but found that the trial court “stated his reasons within the strict parameters of [art. 851] and the |scourt was within its discretion to consider additional grounds at the hearing.”[3] The court of appeal noted that “Nowhere did the Legislature dictate that the judge is restricted to the grounds asserted in the motion filed by defendant.”[4]
Additionally, the court of appeal found that the trial court did not abuse its discretion by granting defendant a new trial under La.C.Cr.P. art. 851(B)(1), noting that under Article 851(B)(1), the trial court sits as a “thirteenth juror,” reweighing the evidence and determining whether it agrees with the jury’s resolution of the evidence, in effect becoming the trier of fact.”[5]
The court of appeal further underscored that a “determination of the weight of the evidence is a question of fact, and in a criminal case, such a determination is not subject to appellate review.[6] Moreover, under La.C.Cr.P. art. 858, “[njeither the appellate nor supervisory jurisdiction of the Supreme Court may be invoked to review the granting or the refusal to grant a new trial, except for error of law.”
The decision on a motion for new trial rests within the sound discretion of the trial judge, and its ruling will not be disturbed on appeal absent a clear showing of abuse.[7] The merits of such a motion must be viewed with extreme caution in the interest of preserving the finality of judgments. As a general rule, a motion for new trial will be denied unless injustice has been done.[8]
*877 Prior Louisiana law provided that “[e]very motion for a new trial must specify Lthe grounds upon which relief is sought, must be tried contradictorily with the district attorney, and the proof must correspond with the allegations of the motion.”[9] The current version of former article 507, La.C.Cr.P. art. 852, eliminates the latter provision, and the Comments to the article note the significance of the change in language:
The requirement of Art. 507 of the 1928 Code that the proof must correspond with the allegations of the motion, is omitted. A new trial should be granted any time the defendant shows a valid ground therefor, even though he failed to state the ground in his motion. The district attorney can be fully protected by the court’s granting of additional time to prepare to meet a surprise ground that is asserted by the defendant. Deletion of the 1928 Code limitation is supported, as a practical matter, by the fact that Art. 851(B)(5) gives the court plenary authority to order a new trial whenever in its opinion the ends of justice would be better served, even though no legal ground for a new trial is stated. La.C.Cr.P. art. 852, Offl Rev. Cmt (b) (emphasis added).
The trial court had the authority in this situation to direct counsel to file a supplemental motion for a new trial raising the ground that the court deems appropriate for granting relief. La.C.Cr.P. art. 856 (“[T]he court may permit the defendant to supplement his original motion by urging an additional ground, or may permit the defendant to file an additional motion for a new trial, prior to the court’s ruling on the motion.”) The trial court merely took a shortcut in finding grounds for granting defendant’s motion for a new trial which was based on (entirely) unpersuasive allegations of newly discovered evidence ostensibly impeaching the credibility of Officer Mekdessie. Here the testimony of Officer Mekdessie, the only witness to testify that he saw the defendant with a gun in his hands, was at odds with the testimony of the defendant who maintained that he did not have a gun in his possession during the time in question. The trial court made a credibility | ¡^determination when it specified that he had “reasonable doubt,” which the court of appeal found equated with a “not guilty” verdict.[10]
It is clear that La.C.Cr.P. art. 852 eliminated any requirement that proof must conform to the allegations of the motion. As a consequence, “[a] new trial should be granted any time the defendant shows a valid ground therefor, even though he failed to state the ground in his motion.”[11] Given the trial court’s express authority under La.C.Cr.P. art. 856 to permit supplementation of a motion for new trial with additional grounds, it is my view that the trial court may grant a new trial on a basis not alleged by the defendant in his motion.
In my view, the trial court was correct to grant defendant a new trial. Thus, the majority errs in reversing the court of appeal’s judgment affirming the trial court’s grant of a new trial.
For the above reasons, I respectfully dissent.

. State v. McKinnies, 12-335 at 9 (La.App. 5 Cir. 5/16/13); 119 So.3d 147, 152.

. McKinnies, 12-0335 at 10, 119 So.3d at 153.

. McKinnies, 12-0335 at 11, 119 So.3d at 153. (citing La.C.Cr.P. art. 856).

. Id.

. Id., (citing Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982) (setting aside a verdict as against the weight of the evidence, as opposed to the insufficiency of the evidence under the Due Process Clause, does not bar retrial)).

. "La. Const, art. V, 10(B).” McKinnies, 12-335 at 12, 119 So.3d at 153.

. State v. Quimby, 419 So.2d 951, 959 (La.1982).

. State v. Johnson, 08-1488, p. 17 (La.App. 4 Cir. 2/10/10), 33 So.3d 328, 338.

. La.C.Cr.P. art. 507 (1928).

. McKinnies, 12-0335 at 13, 119 So.3d at 154.

.La.C.Cr.P. art. 852, Offl Rev. Cmt (b).