CRICHTON, J.,
additionally concurs and assigns reasons.
|,I concur in the writ denial but write separately to express my concerns as to the conundrum presented by the trial judge’s actions and our legal impediment to review this issue.
Following a felony bench trial, the court found the defendant guilty of molestation of a juvenile under the age of thirteen, a violation of La. R.S. 14:81.2. Later that day, and with the case under advisement for sentencing, the trial judge twice initiated phone calls to a witness, thus engaging in ex parte conversations with her. The lawyers were subsequently advised and motions for post-judgment verdict of acquittal and new trial followed. Without benefit of evidence and testimony, and without supplying any reasons, the trial judge granted the defendant’s motion for new trial. The state’s requests for reconsideration and reasons were denied, followed by the court of appeal’s reversal of the new trial order and a reinstatement of the trial court’s judgment of guilty.
Without the benefit of evidence at the contradictory new trial hearing and with zero reasons assigned by the trial judge, it appears that the only intervening event that caused this motion to be granted was ex parte conversations between'the judge and a witness. We are left to wonder whether the motion was granted ^because the judge felt his verdict was contrary to the evidence, La.C.Cr.Pr. Art. 851(1), or whether he felt that the ends of justice would not be served if .the verdict was allowed to stand, La.C.Cr.Pr. Art. 851(5), or both. If the motion was granted under La. La. C.Cr.Pr. Art. 851(1), it is not reviewable because the supreme court cannot review facts in a criminal case; on the other hand, if the motion was granted under La. La.C.Cr.Pr. Art. 851(5), the supreme court is allowed to review it as a question of law. With nothing whatsoever in the record, we are bound by the rationale of State v. Guillory, 10-1231 (La.10/8/10), 45 So.3d 612, 617, another troubling case where the trial judge provided no reasons for his post-verdict ruling, where this court stated, “the decision to grant a new trial was an error of law because there is nothing to support the exercise of the trial court’s discretion.” While there is no statutory obligation requiring the trial judge to assign reasons for its ruling under La.C.Cr.Pr. Art. 851, as in Guillory, we are left with nothing to support the exercise of the trial court’s discretion.