714 So.2d 684 (1998)
STATE of Louisiana
v.
Ronald MINCE.
No. 97-K-2947.
Supreme Court of Louisiana.
May 29, 1998.
*685 Richard P. Ieyoub, Atty. Gen., Paul D. Connick, Jr., Dist. Atty., Terry M. Boudreaux, Gretna, for Applicant.
Joseph J. Tosh, Gretna, for Respondent.
PER CURIAM.[*]
Following his conviction in a bench trial for second degree battery, La.R.S. 14:34.1, the defendant moved for a new trial on grounds of newly discovered evidence. La.C.Cr.P. art. 851(3). He attached several affidavits to his motion, including one in which his brother, Chuck Mince, alleged that while he "didn't elect to testify at the trial because he didn't want to waive his 5th Amendment right and thought that Ronald Mince would be acquitted," he was now prepared "to testify and correct this miscarriage of justice." The court granted the motion and set aside its own verdict, finding "of utmost concern" that "a person who never testified during the original trial is now willing to come forward under oath and admit that he was the alleged perpetrator of the offense." The court of appeal denied review, State v. Mince, 97-808 (La.App. 5th Cir. 8/18/97), ___ So.2d ___, but we granted the state's application because the decision of the trial court appeared completely at odds with the statutory prerequisites for considering motions for a new trial on grounds of newly discovered evidence. We now reverse.
The charge in this case stemmed from an altercation between Leo Schurr and the Mince brothers in the Daiquiris and Creams Lounge on Lake Avenue in Jefferson Parish. Schurr and the defendant both ended their night at East Jefferson Hospital, Schurr for treatment of a head wound caused by a blow from behind which sent him sprawling unconscious to the floor of the lounge, and the defendant also for treatment of head injuries sustained when he bounced off the windshield of a passing car as he and his brother fled from the lounge across Lake Avenue. Schurr did not see his assailant just before the blow fell against the back of his head but testified that after he had first exchanged words and then wrestled with Chuck Mince, and after Mince had been removed from the bar, he had noticed someone else enter the lounge who "looked sort of like the guy that I had had a confrontation with earlier." Schurr assumed that it was the defendant who then slipped behind him and knocked him unconscious. After Schurr crumpled to the floor, Misty Baker, the manager for the lounge, observed the brothers in the parking lot outside and chased them across Lake Avenue. Baker testified at trial that the defendant, and not Chuck Mince, had been the one to knock Schurr to the floor. She *686 conceded, however, that both brothers look alike, and the defendant claimed at trial that he had been the first Mince to grapple with Schurr and that it was his brother who then entered the lounge and struck the victim down.
This Court generally does not consider that "after a joint trial, an allegation in a motion for a new trial by one co-defendant that the other co-defendant will now testify on his behalf is a sufficient ground for the granting of a new trial." State v. Perique, 340 So.2d 1369, 1377 (La.1976); see also United States v. Freeman, 77 F.3d 812, 817 (5th Cir.1996) ("When a defendant is aware of a co-defendant's proposed testimony prior to trial, it cannot be deemed newly discovered under [F.R.Crim.P. 33] even if the co-defendant was unavailable because he invoked the Fifth Amendment."); United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.) ("It would encourage perjury to allow a new trial once co-defendants have determined that testifying is no longer harmful to themselves."), cert. denied sub nom. Gonzalez-Ramirez v. United States, 506 U.S. 890, 113 S.Ct. 258, 121 L.Ed.2d 189 (1992); United States v. Jacobs, 475 F.2d 270, 286, n. 33 (2d Cir.) ("[A] court must exercise great caution in considering evidence to be `newly discovered' when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify."), cert. denied sub nom. Lavelle v. United States, 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973). We need not decide here whether the same skepticism should also apply to the newly available testimony of a witness who otherwise retains his Fifth Amendment privilege but volunteers to come forward and waive the privilege at a new trial to exculpate the defendant by taking responsibility for an offense the state has not charged against him. Even assuming that testimony made newly available to the defendant because the witness has changed his mind with respect to assertion of his Fifth Amendment privilege may under certain circumstances constitute newly discovered evidence, see, e.g., United States v. Montilla-Rivera, 115 F.3d 1060 (1st Cir. 1997); United States v. Ouimette, 798 F.2d 47 (2nd Cir.1986), under Louisiana law, La. C.Cr.P. art. 854(1), as under F.R.Crim. P. 33, Montilla-Rivera, 115 F.3d at 1067-68, the defendant must still show that he exercised reasonable diligence to present all of his evidence in a single trial.
In this case, however, the defendant made no showing below, and the trial record fails to indicate, that he had subpoenaed Chuck Mince or made any other significant effort to procure his brother's testimony at trial. The defendant therefore failed to show that the evidence his brother is now apparently willing to provide was, if not newly discovered, at least unavailable either before or during trial for reasons other than trial strategy. Moreover, the defendant also failed to show that his brother is any more available to him now than he was at his first trial. La. C.Cr.P. art. 854(4). While the affidavit executed by Chuck Mince asserts that he now stands prepared to testify, it fails to provide any "facts which the witness [ ] will establish," La.C.Cr.P. art. 854(3) (emphasis added), and thereby fails to commit him to any statement of culpability for the attack on Schurr inconsistent with a claim of privilege at a second trial.
La.C.Cr.P. art. 856 requires the defendant to urge "all grounds known and available to the defendant at the time of the filing of the motion [for new trial]." To the extent that the defendant relied solely on the grounds listed in La.C.Cr.P. art. 851(3) for granting new trials he failed to provide the court with any other basis to rule on the motion. The judgment of the district court is accordingly vacated, the defendant's conviction is reinstated, and this case is remanded to the district court for all further proceedings not inconsistent with the views expressed herein.
JUDGMENT VACATED; CONVICTION REINSTATED; CASE REMANDED.
NOTES
[*] Kimball, J., not on panel. See Rule IV, Part II, Sec. 3.