# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #051

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **15th day of October, 2014**, are as follows:


**BY CLARK, J.**:


2013-K -1412        STATE OF LOUISIANA v. QUINCY MCKINNIES, JR. (Parish of Jefferson)
                    (Aggravated Assault on a Peace Officer With a Firearm)

                    For the foregoing reasons, the trial court ruling granting a new
                    trial is reversed and vacated and the jury's verdict is
                    reinstated.  This matter is remanded to the trial court for
                    sentencing of the defendant.
                    REVERSED AND REMANDED.

                    JOHNSON, C.J., dissents and assigns reasons.
                    VICTORY, J., concurs.
                    HUGHES, J., dissents.

SUPREME COURT OF LOUISIANA

NO. 2013-K-1412

STATE OF LOUISIANA

VERSUS

QUINCY MCKINNIES, JR.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIFTH CIRCUIT, PARISH OF JEFFERSON

**CLARK, Justice**

After conviction, the defendant moved for a new trial on the basis of newly discovered evidence. The state challenged the claim presented on both procedural and substantive grounds. No evidence was submitted at the hearing on the motion. Nevertheless, the trial court granted the defendant a new trial on the grounds that the verdict was contrary to the law and evidence and the ends of justice would be served by ordering a new trial. In a split-panel decision, the court of appeal affirmed, finding no abuse of the trial court's discretion in granting the defendant's motion. We disagree. We find the defendant failed to show a valid ground for new trial and hold that the trial court abused its discretion by granting the defendant's motion. The court of appeal erred in affirming the district court's decision. For these legal errors, we reverse and remand.

FACTS AND PROCEDURAL HISTORY

The defendant, Quincy McKinnies, Jr.,[1] was charged by bill of information with aggravated assault on a peace officer with a firearm, a violation of La. R.S. 14:37.2.[2] At trial, Officer Ryan Mekdessie of the Gretna Police Department

---

[1] The record contains two different spellings of the defendant's given name-Quincy and Quincey. The prosecution and the defense have used both spellings in their briefs and motions throughout the trial and appellate record. This opinion uses the spelling found in the bill of information and in the court of appeal's opinion.

[2] La. R.S. 14:37.2(A) provides: "Aggravated assault upon a peace officer with a firearm is an assault

testified McKinnies abandoned a car in which he had been fleeing from police and pointed a handgun at him, as the officer, who had been following McKinnies, prepared to give chase. After McKinnies ran away, Officer Mekdessie followed, assisted by his K-9 partner. While other officers set up a perimeter around the area in hopes of capturing McKinnies, Officer Mekdessie and his dog discovered the defendant hiding in a dark, vacant lot behind a tree. When McKinnies would not come out from behind the tree despite repeated requests by the officer to do so, Officer Mekdessie sent his dog forward on a 15-foot leash. Seeing McKinnies reach into his waistband and fearing for his life and that of his dog, Officer Mekdessie shot at McKinnies after several times ordering the defendant to "show his hands." McKinnies was shot in the confrontation, suffering a graze wound to his abdomen and hip. Officer Mekdessie's dog also sustained a gunshot wound.

The officer's testimony was partially corroborated by other witnesses. Detective Ashton Gibbs, also of the Gretna Police Department, observed a handgun in plain view in the vehicle defendant was driving before the foot chase with Officer Mekdessie began. Detective Gibbs and Gretna Police Sergeant Tris Lear, who were standing on the perimeter set up by police, out of sight of the defendant and Officer Mekdessie, both heard the officer ordering the defendant to show his hands several times before they heard gunshots.

The defendant testified at trial and admitted he ran from police. But McKinnies said the police started shooting at him without saying anything. He testified the police approached him after he was shot, placed him in handcuffs and started to beat him, knocking out all his teeth on one side of his mouth. McKinnies

committed upon a peace officer who is acting in the course and scope of his duties with a firearm." A firearm is defined for these purposes as "an instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it." La. R.S. 14:37.2(B). The penalty for this crime is a fine of not more than five thousand dollars, or imprisonment for not less than one year nor more than ten years, with or without hard labor, or both. La. R.S. 14:13.2(C). An assault is committed when a defendant intentionally places another in reasonable apprehension of receiving a battery, or an attempt to commit a battery. La. R.S. 14:36. The intentional use of force or violence upon the person of another constitutes a battery. La. R.S. 14:33.

2

denied ever pointing a weapon at a police officer, denied having a weapon in the car and denied having a weapon in his possession that night. He testified he was never confronted by a K-9 and did not know there was a dog at the scene until he overheard officers saying he had shot their dog. No weapon was found either in the car driven by McKinnies or at the scene of his arrest.

After hearing the conflicting evidence, the jury found the defendant guilty as charged. McKinnies filed a timely written motion for new trial asserting there was newly discovered evidence which, if considered, would probably have changed the verdict. The affidavit by defense counsel accompanying the motion for new trial stated the newly discovered evidence concerned the credibility of Officer Mekdessie, the victim and only witness to testify that McKinnies pointed a handgun at him. The newly discovered evidence was described in the affidavit as three separate incidents of police conduct involving Officer Mekdessie, unrelated to the charge against McKinnies, which were allegedly being investigated by the City of Gretna's Internal Affairs and/or the FBI. The affidavit listed Officer Mekdessie and the defendant as witnesses who would testify about the allegations.

The state filed a written response to the motion for new trial, raising several procedural objections and arguing the defense failed to satisfy the statutory requirements for a motion for new trial based on newly discovered evidence. The state also addressed the merits of the claim, arguing that allegations of extrinsic matters which might be used as impeachment evidence were not adequate bases for a new trial under the jurisprudence.

At the hearing on the motion for new trial, the defense presented no evidence to support the allegations and failed to call any witnesses to testify. Instead, defense counsel argued the three incidents should have been disclosed to the defendant under the state's obligation to disclose evidence favorable to the defense and concerning the credibility of government witnesses. The prosecutor

3

argued that there was nothing for the state to disclose to the defense, as there were no charges filed or discipline imposed against Officer Mekdessie in connection with the allegations. The state stressed that the allegations stemmed from defense counsel's conversations with another criminal defense attorney and were groundless.

After taking the matter under advisement, the trial judge ruled in open court: "Even though they may not be entitled to it under the grounds that were set forth in the defendant's motion, I do believe that in the interest of justice we're going to go ahead and grant a new trial. And that's under Article 851, Section 5." The trial judge issued a written judgment similarly showing the ground upon which the new trial was granted: to serve "the ends of justice… although the defendant may not be entitled to a new trial as a matter of strict legal right."

The state thereafter filed a timely writ application, seeking review of the trial court's ruling. The appellate court ordered the trial judge to submit a *per curiam* outlining the reasons why he granted the motion for new trial pursuant to La. C.Cr.P. art. 851(5). In response, the trial judge issued a *per curiam* which stated:

> The court after hearing the testimony of witnesses, watching their demeanor while testifying, and considering the evidence presented by all parties, has reasonable doubt as to the guilt of the defendant.
>
> Therefore, the court believes that the ends of justice would best be served by granting defendant, Quincy McKinnies, a new trial.

After the court of appeal's review of the *per curiam,* the appellate court granted the state's writ for the limited purpose of instructing the trial court to consider the state's notice of intent to seek writs as a motion for appeal. Pursuant to the appellate court's order, the trial court granted the state's motion for appeal.

Subsequent to the filing of the state's appeal, McKinnies filed a motion to remand the case to the trial court so that he could amend his original motion for new trial to include additional newly disclosed information. The court of appeal

4

granted the motion to remand. A hearing was held in the trial court wherein McKinnies moved to amend his original motion for a new trial "by adding a witness." The trial court denied the motion to amend and the case returned to the court of appeal.

In a 2-1 decision, the appellate court affirmed the trial court's ruling which granted McKinnies a new trial.[3] The court of appeal found the trial court complied with all of the necessary procedural and substantive requirements for a new trial; specifically, the defendant's written motion was timely filed before sentencing, the motion raised one of the specified grounds for new trial, and a contradictory hearing was held. The appellate court noted La. C.Cr.P. art. 851 provides the exclusive list of possible grounds for a new trial, and the trial court's stated reasons for granting the new trial were found on that list, although they were not the same as the ground which the defendant raised or argued.

The appellate court found the court's oral and written judgment granted the new trial under La. C.Cr.P. art. 851(5), and the *per curiam* "expanded its ruling" to include La. C.Cr.P. art. 851(1). The court of appeal held it to be within the trial judge's discretion to consider an additional ground for granting the new trial motion. The court of appeal then evaluated the trial court's ruling as a motion for new trial granted under La. C.Cr.P. arts. 851(1) and 851(5).

Insofar as the trial court granted a new trial under La. C.Cr.P. art. 851(1)— that the verdict was contrary to the law and evidence—the court of appeal held the ruling was essentially unreviewable. The appellate court found the trial court's decision on the weight of the evidence was a question of fact not subject to appellate review under either La. Const. art. V, § 10(B) or La. C.Cr.P. art. 858.[4]

---

[3] *State v. McKinnies*, 2012-0335 (La. App. 5 Cir. 5/16/13); 119 So.3d 147.

[4] La. Const. art. V, § 10(B) provides the scope of review of appellate jurisdiction in a criminal case extends only to questions of law. La. C.Cr.P. art. 858 states: "Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law."

Insofar as the trial court's new trial ruling relied upon La. C.Cr.P. art. 851(5)—that the ends of justice would be served by ordering a new trial—the appellate court reviewed the decision for an abuse of discretion. Finding the trial court substantiated its concerns and that this specification supported the grant of a new trial, the appellate court found no abuse of the trial court's discretion in granting a new trial on that basis.

With regard to the only ground for new trial actually raised by the defendant's motion—that of newly discovered evidence—the court of appeal stated:

> Accordingly, we find that the merits of defendant's "newly discovered evidence" which concern Officer Mekdessie's "credibility," need not be addressed because such evidence did not form the basis of the trial court's granting of a new trial. Defendant complied with the requirements of La. C.Cr.P. art. 856 to list the grounds then "known and available" to him; he could not have been expected to know of the trial judge's then-unexpressed reasons he would ultimately assign to his ruling on defendant's motion.[5]

Finding the issue to be *res nova* in Louisiana, the dissenting judge looked to federal law before concluding the trial court was without authority to grant a new trial in the interest of justice on any basis other than the one raised by the defendant. Relying on our decision in *State v. Guillory*,[6] the dissenting judge also found the trial court failed to adequately articulate its concerns, or to specify any evidence or testimony which gave rise to its doubt as to the defendant's guilt.

We granted the state's writ to review the lower courts' decisions.[7]

LAW AND DISCUSSION

In his motion for new trial, the defendant asserted that allegations of possible police misconduct committed by Officer Mekdessie in other cases cast doubt upon

---

[5] *McKinnies*, 2012-0335, p. 16; 119 So.2d at 156.

[6] 2010-1231 (La. 10/8/10); 45 So.3d 612.

[7] *State v. McKinnies*, 2013-1412 (La. 4/25/14); 138 So.3d 633.

6

the officer's credibility in this case and entitled him to a new trial. The rules governing a motion for new trial in a criminal case are found in La. C.Cr.P. arts. 851-858. Insofar as our review will require us to interpret the rules governing new trial motions, we will be guided by the following principles of statutory interpretation.

The interpretation of the statutory law presents us with a question of law which is reviewed under a *de novo* standard of review.[8] We look first to the language of the articles themselves to determine their meaning.[9] When the law is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used.[10] Our inquiry must consider each article regarding new trial motions in its entirety, as well as the other articles on this subject, placing a construction on the whole that is consistent with the express terms of the articles and the obvious intent of the legislature in enacting these rules.[11] The history of the statute or article in question, and any related legislation, is often a helpful guide in ascertaining the intent of the legislature.[12]

Grounds for seeking a new trial are set forth in La. C.Cr.P. art. 851,which provides in pertinent part:

> . . . The court, on motion of the defendant, shall grant a new trial whenever:
> (1) The verdict is contrary to the law and the evidence;
>
> (2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;

---

[8] *City of Bossier City v. Vernon*, 2012-0078, p. 3 (La. 10/16/12); 100 So.3d 301, 303.

[9] *State v. Clark*, 2012-1296, p. 6 (La. 5/7/13); 117 So.3d 1246, 1250.

[10] *State v. Oliphant*, 2012-1176, p. 5 (La. 3/19/13); 113 So.3d 165, 168; La. R.S. 1:4.

[11] *Clark*, 2012-1296, p. 7; 117 So.3d at 1251.

[12] *State v. Skipper*, 2004-2137, p. 5 (La. 6/29/05); 906 So.2d 399, 404.

(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;

(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or

(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.[13]

La. C.Cr.P. article 851 also states the new trial motion is based on the supposition that an injustice has been done to the defendant. A defendant has the burden to show an injustice was done to him, or the motion will be denied, no matter what allegations are raised.[14]

A motion for new trial alleging newly discovered evidence requires the defendant to prove additional allegations of fact, listed in La. C.Cr.P. art. 854:

(1) That notwithstanding the exercise or reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;

(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;

(3) The facts which the witnesses or evidence will establish; and

(4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.

We have previously held:

Thus, a new trial shall be granted based on Article 851(3) when: (1) new evidence was discovered after trial; (2) the new evidence is material; (3) the failure to discover the evidence was not due to a lack of diligence on the part of the defense; and, (4) had the evidence been introduced, the verdict or judgment of guilty probably would have

---

[13] The official revision comment-1966(d) to La. C.Cr.P. art. 851 states "[t]he grounds for a new trial follow Art. 509 of the 1928 Code very closely, thus preserving the benefits of some well-settled lines of Louisiana jurisprudence."

[14] *Id.*

been changed.[15]

La. C.Cr.P. art. 858 limits our review of the trial court's ruling on the new trial motion: "In reviewing the granting or the refusal to grant a new trial, neither the appellate nor the supervisory jurisdiction of the Supreme Court may be invoked, except for error of law." Therefore, we review the trial court's ruling on the new trial motion only for legal error. An abuse of the trial court's discretion in ruling on a new trial motion on the ground of newly discovered evidence presents a question of law.[16]

This court will attach great weight to the exercise of the trial judge's discretion.[17] "On the other hand, the discretion vested in the trial court must be exercised in whole-hearted good faith and be guided by the statutes, not by the court's private opinion of what the statute ought to be. Where the exercise of discretion is arbitrary and not judicial, and the judgment is unjust, it will be set aside."[18] It has been described as "self-evident," that when "discretion is inappropriate an incorrect decision is not entitled to deference. For example, a trial court has no discretion or choice to disregard statutory rules … in deciding a new trial motion."[19]

This court explained the duty of a trial judge considering a new trial motion based on newly discovered evidence in *State v. Talbot*:

> The scope of the trial judge's duty toward the motion for a new trial based upon the new evidence must be kept in mind. It was not for him to determine the guilt of [another alleged suspect] or the innocence of [the defendant]; it was not for him to weigh the new evidence as though he were a jury, determining what is true and what

---

[15]   *State v. Watts*, 2000-0602, p. 6 (La. 1/14/03); 835 So.2d 441, 447, *citing also State v. Cavalier*, 1996-3052, 1997-0103, p. 3 (La. 10/31/97); 701 So.2d 949, 951; *State v. Hammons*, 597 So.2d 990, 994 (La. 1992); *State v. Knapper*, 555 So.2d 1335, 1339 (La. 1990).

[16]   *State v. Talbot*, 408 So.2d 861, 885 (La. 1980) (on rehearing).

[17]   *Id.*

[18]   *Id.*

[19]   *Id.*

is false. The judge's duty was the very narrow one of ascertaining whether there was new material fit for a new jury's judgment. If so, will honest minds, capable of dealing with evidence, probably reach a different conclusion, because of the new evidence, from that of the first jury? Do the new facts raise debatable issues? Will another jury, conscious of its oath and conscientiously obedient to it, probably reach a verdict contrary to the one that was reached on a record wholly different from the present, in view of evidence recently discovered and not adducible by the defense at the time of the original trial?[20]

We have found that the trial judge's duty is an objective test, "in that the trial judge does not sit as the ultimate arbiter of the resolution of the case once the new evidence is considered, that is, the trial court does not weigh the evidence."[21] In other words, "[t]he role of the trial court is to review the evidence constituting the State's case, not to determine the sufficiency of the evidence, but to evaluate the effect of the newly discovered evidence."[22]

By contrast, the trial judge's duty in evaluating a new trial motion brought under La. C.Cr.P. art. 851(1) or La. C.Cr.P. art. 851(5) is the opposite. In those circumstances, the trial court's duty is to put itself in the position of a juror. We have held "[i]t is appropriate for the trial court to act as a juror for other grounds related to a motion for new trial … such as a verdict being contrary to the law and the evidence or the court being of the opinion that the ends of justice would best be served by granting a new trial."[23]

The newly discovered evidence alleged by McKinnies consists of allegations which, if true, might impugn the credibility of the victim's testimony. We have held "newly discovered evidence affecting only a witness's credibility ordinarily will not support a motion for new trial, because new evidence which is merely cumulative or impeaching is not, according to the often-repeated statements of the

---

[20] *Id.*

[21] *Watts*, 2000-0602, p. 7; 835 So.2d at 447.

[22] *Id.*

[23] *Id.*, 2000-0602, p. 9; 835 So.2d at 448 n.8.

courts, an adequate basis for the grant of a new trial."[24]  Yet, a trial judge retains the discretion to grant a new trial in a situation where a witness's testimony is essentially uncorroborated and dispositive of the question of guilt or innocence, where it appears that had the impeaching evidence been introduced, it is likely the jury would have reached a different result.  We need not decide at this point whether evidence that Officer Mekdessie may or may not have engaged in police misconduct in other cases would have devastated his credibility here.[25]

The record shows there was no newly discovered evidence for the trial judge to evaluate in light of the state's evidence at trial.  Although the allegations of the motion for a new trial were sworn to by defense counsel, no proof was offered to sustain them.  The minutes of the contradictory hearing show that, after hearing argument from counsel for the defendant and the state, the matter was submitted to the trial judge for disposition.  When the allegations of a motion for new trial are not supported by proof, a trial judge properly overrules the motion.[26]  Allegations raised in the motion alone are not sufficient, as a defendant has the burden to show that an injustice has been done to him.[27]  "In the absence of any showing before the trial court that the rights of the accused had been jeopardized, and that the alleged injustice could be rectified at another trial, the court [would be] warranted in its refusal to set aside the verdict."[28]  We hold the defendant's allegations were insufficient to show a valid ground for a new trial under La. C.Cr.P. art. 851(3).

The defendant also failed to make any showing with regard to the additional

---

[24] *Cavalier*, 1996-3052, p. 3; 701 So.2d at 951, *citing Mesarosh v. United States*, 352 U.S. 1, 9, 77 S.Ct. 1, 5, 1 L.Ed.2d 1, 5 (1956) (internal citations omitted).

[25] *Id.*, 1996-3052, p. 3-4; 701 So.2d at 951-952.

[26] *State v. Bueche*, 243 La. 160, 186, 142 So.2d 381, 390 (La. 1962) (an allegation alone "presents nothing for review by this court."); *State v. Slack*, 227 La. 598, 602, 80 So.2d 89, 90 (La. 1955); *State v. Roberson*, 159 La. 562, 568, 105 So. 621, 623 (La. 1925).

[27] La. C.Cr.P. art. 851 ("The motion for new trial is based on the supposition that injustice has been done the defendant, and, **unless such is shown to have been the case, the motion shall be denied**, no matter upon what allegations it is grounded.").

[28] *State v. West*, 172 La. 344, 349-50, 134 So. 243, 244 (La. 1931).

allegations required for a new trial motion brought under La. C.Cr.P. art. 851(3).

"The burden is on the defendant to show that the new evidence was not discoverable prior to or during trial and that if the evidence had been introduced at trial, the new evidence probably would have caused the trier of fact to reach a different verdict."[29] Our law "is well settled that the proposed newly discovered evidence must not only be newly discovered but also not discoverable by reasonable diligence before the verdict for it to justify the granting of a new trial."[30] There are no allegations in the defendant's motion, and no evidence was produced at the hearing to prove, that "notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial."[31] In fact, there is no temporal information whatsoever contained in the record which would allow us to determine whether these alleged incidents occurred before or after McKinnies' trial (or indeed, whether they occurred at all). Where this has previously occurred, we have found a defendant's motion "wholly lacking." In *State v. Saba*,[32] we noted:

> that defendant's motion for a new trial does not give the date or specify the exact time when the alleged newly discovered evidence came to his knowledge or from whom, where and how he received the information regarding the alleged newly discovered witnesses, and the character of the testimony they proposed to give in the event he was successful in obtaining the new trial. The particular circumstances of the discovery of the alleged new witnesses and additional evidence is nowhere set out in defendant's motion.
> . . .
> In order to comply with the statutory requirement of due diligence with respect to alleged newly discovered evidence, it is not sufficient to merely incorporate the words of the statute in the motion for a trial. There is something else required than the mere statement that the accused did not know of the existence of this alleged newly discovered testimony in time to have it brought forward. It must affirmatively appear that he could not have ascertained it by

---

[29] *State v. Clayton*, 427 So.2d 827, 832 (La. 1982) (on rehearing).

[30] *State v. Quimby*, 419 So.2d 951, 960 (La. 1982).

[31] La. C.Cr.P. art. 854(1).

[32] 203 La. 881, 893, 894, 14 So.2d 751, 755 (La. 1943).

reasonable diligence.

> The particular circumstances of the discovery of the evidence must be affirmatively shown in order that the court may be in a position to determine the question of diligence from the facts set forth in the motion and affidavit of the mover.

Although the motion named the defendant and Officer Mekdessie as the witnesses who would testify about newly discovered information, the new trial motion does not contain, as it must, a concise statement of facts about which each would testify or the facts the defense would establish with their testimony.[33]  In short, the record shows a nearly complete failure on the defendant's part to conform to the additional requirements of a motion for new trial under La. C.Cr.P. art. 851(3).  On this basis alone, the motion for new trial should have been denied.

In his *per curiam* to the court of appeal, the trial judge referred to the testimony and demeanor of the witnesses and the evidence presented by all parties. We presume the trial judge was referring to the witnesses and evidence presented at trial, as there were no witnesses or evidence presented at the contradictory hearing on the defendant's motion.  The trial judge stated in his *per curiam* that he had a reasonable doubt as to the defendant's guilt.  From this, we are able to conclude the trial judge clearly, and improperly, based his ruling on his own weighing of the evidence presented at trial as though he were a juror determining guilt or innocence.  In doing so, the trial judge committed legal error by failing to restrict his review of the defendant's motion to the proper evaluation of the new trial motion based on La. C.Cr.P. art. 851(3).  "When ruling on an Article 851(3) motion, a trial judge's duty is not to weigh the new evidence as though he were a jury deciding guilt or innocence or to determine what is true or false in light of the additional information.  In other words, the trial judge is not to assess the newly

---

[33]  La. C.Cr.P. art. 854(2) and (3).

13

discovered evidence as though he were a thirteenth juror."[34] Instead, "[t]he discretion vested in the trial judge in passing on a motion for a new trial based on the ground of newly discovered evidence in a criminal case is to be exercised in determining the diligence shown, the truth of the matters stated, and the materiality and probability of their effect, if they are believed to be true."[35]

Our review was further complicated by the fact that the court of appeal erred in its review of the trial court's ruling. The court of appeal failed to properly review the trial court's ruling as one prompted by a motion for new trial on the basis of La. C.Cr.P. art. 851(3). Instead, the appellate court reviewed the trial court's ruling on the grounds found by the trial court, as though the defendant's motion had been filed on the basis of La. C.Cr.P. arts. 851(1) and/or (5). This was also legal error. Although its review of the case was flawed, the court of appeal raised an issue we feel compelled to address, that is, whether a trial court has the authority to grant a motion for new trial on a ground not raised by the defendant. We believe the court of appeal misinterpreted the rules governing motions for new trial when it found the trial court was required by the rules governing new trial motions to grant the defendant's motion.

La. C.Cr.P. art. 851 clearly states a court may only grant a new trial "on motion of the defendant." An earlier version of this article, found in the 1928 Code of Crim. Proc., made this point more explicitly. Former Art. 506 of the 1928 Code of Crim. Proc. spelled out:

> A new trial cannot be ordered by the court on its own motion or upon the application of the State, but may be granted with the consent of the district attorney, whether the motion of defendant set out a valid reason for a new trial or not.

In enacting the modern criminal procedure rules, the legislature preserved the

---

[34] *Watts*, 2000-0602, p. 8-9; 835 So.2d at 448.

[35] *Saba*, 203 La. at 898, 14 So.2d at 757.

requirement that the court may only grant a new trial upon the defendant's motion.[36]

Under La. C.Cr.P. art. 852, a defendant is required to specify the ground or grounds upon which the motion is based.[37] The defendant is also required, under La. C.Cr.P. art. 856, to set forth all of the grounds about which he has knowledge at the time he files his motion. Former Art. 507, of the 1928 Code of Crim. Proc., required the defendant's proof at the contradictory hearing to conform to the grounds raised in his motion. The current rules omit that requirement. Instead, La. C.Cr.P. art. 856 authorizes the court to allow the defendant to supplement his motion, or even to file an additional motion for new trial, if filed before the court's ruling.[38]

The official revision comment-1966 to La. C.Cr.P. art. 852 provides some insight into the legislature's intent in omitting the requirement that a defendant's evidence at the contradictory hearing should conform to the ground for new trial asserted in his motion.[39] Under the current legislative scheme, "[a] new trial should be granted any time the defendant shows a valid ground therefor, even though he failed to state the ground in his motion."[40] By permitting supplementation of the motion before the court's ruling, and by providing trial courts with discretionary authority to permit the urging of additional grounds, the legislature ensures that a defendant who might have valid grounds supporting a

---

[36] La. C.Cr.P. art. 851, Official Revision Comment—1966, (c) ("The rule of Arts. 505 and 506 of the 1928 Code, that the defendant alone is entitled to make a motion for a new trial, is retained in [Art. 851.]"

[37] La. C.Cr.P. art. 852 provides: "A motion for new trial shall be in writing, *shall state the grounds upon which it is based*, and shall be tried contradictorily with the district attorney." (Emphasis added)

[38] La. C.Cr.P. art. 856 provides: "A motion for a new trial shall urge all grounds known and available to the defendant at the time of the filing of the motion. *However, the court may permit the defendant to supplement his original motion by urging an additional ground, or may permit the defendant to file an additional motion for a new trial, prior to the court's ruling on the motion*." (Emphasis added)

[39] *Arabie v. CITGO Petroleum Corp.*, 2010-2605, p. 5 (La. 3/13/12); 89 So.3d 307, 312 ("While the Official Revision Comments are not the law, they may be helpful in determining legislative intent.").

[40] La. C.Cr.P. art. 852, Official Revision Comment – 1966 (b).

motion for new trial will not be denied the court's consideration of that information due to inartful pleading on the part of his attorney. The state is not prejudiced by the defendant's ability to supplement his new trial motion. The official revision comment-1966 notes "[t]he district attorney can be fully protected by the court's granting of additional time to prepare to meet a surprise ground that is asserted by the defendant."[41] As a practical matter, deletion of the 1928 Code's limitation on the introduction of proof is supported by the fact that La. C.Cr.P. art. 851(5) gives the trial court plenary authority to order a new trial whenever in its opinion the ends of justice would be better served, even if the defendant is not entitled to one as a matter of strict legal right.[42]

These considerations raise the following question—given that a defendant may be permitted to supplement his original motion, and the trial court's plenary authority to grant a new trial when it believes the ends of justice would be served by a new trial, could a trial judge grant a new trial on a ground not raised in the defendant's motion as a "shortcut," rather than ordering supplementation by the defendant and allowing the state to challenge the additional information? We think not, as there are important reasons underlying adherence to the rules governing new trial motions as set forth by the legislature.

First, the defendant bears the burden of showing a valid reason for the trial court to grant a new trial. The court cannot do so on its own motion and cannot supply the reason the motion should be granted.[43] Even under the rules of civil procedure, where a trial court *is* authorized with discretionary authority to grant a

---

[41] *Id.*

[42] *Id.*

[43] We have held "…when a court makes a ruling without right or authority, the ruling is *ultra vires* and is of no effect." *State v. Davenport*, 2013-1859, p. 20 (La. 5/7/14); __So.3d__; 2014 WL 1847820, *10. Also, in *State v. Macon*, 2006-0481, p. 7 (La. 6/1/07); 957 So.2d 1280, 1285, we found "the trial court's sua sponte decision to convert the defendant's motion for post-verdict judgment of acquittal into a motion for new trial, then grant a new trial based on a finding that the State had failed to present sufficient evidence to prove the crime with which defendant was charged, constituted legal error that must be reversed."

new trial on its own motion, we have stated "[t]he fact that a determination on a motion for new trial involves judicial discretion does not imply that the trial court can freely interfere with any verdict with which it disagrees."[44]

Second, the defendant is required to state the grounds upon which his new trial motion is based. Having the defendant specify his reasons for seeking a new trial allows the state to challenge those reasons. The requirement that a contradictory hearing be held allows the state the opportunity to present its challenge to the defendant's motion. The codal requirements of a written motion, of the specification of grounds, and of a contradictory hearing would be meaningless if the trial court could supply its own reasons for granting a new trial and rule on another basis. As we stated in another case, "[t]o the extent that the defendant relied solely on the grounds listed in La. C.Cr.P. art. 851(3) for granting new trials he failed to provide the court with any other basis to rule on the motion."[45]

Here, the court of appeal decided not to address the merits of the only ground actually raised by the defendant in his motion. The appellate court declined to address the merits of the ground of newly discovered evidence "because such evidence did not form the basis of the trial court's granting of a new trial."[46] The appellate court observed the defendant complied with La. C.Cr.P. art. 856 by listing the grounds then known and available to him, but "he could not have been expected to know of the trial judge's then-unexpressed reasons he would ultimately assign to his ruling on defendant's motion."[47] And if the defendant

---

[44] *Davis v. Wal-Mart Stores, Inc.*, 2000-0445, p. 10 (La. 11/28/00); 774 So.2d 84, 93; *see* La. C.C.P. art. 1971 ("A new trial may be granted, upon contradictory motion of any party, *or by the court on its own motion,* . . . .").

[45] *State v. Mince*, 1997-2947, p. 4 (La. 5/29/98); 714 So.2d 684, 686.

[46] *McKinnies*, 2012-0335, p. 16; 119 So.3d at 156.

[47] *Id.*

17

could not have known to raise the grounds, the state equally did not have an opportunity to challenge those reasons. We find this result flies in the face of the legislative scheme.

Third, the requirement that the defendant specify the grounds under which he is seeking a new trial informs the trial court which type of review should be afforded the information presented by the defendant. As we have seen in this case, the trial judge's review here was exactly the opposite of what his duty was under the law in considering the defendant's motion.

Finally, by following the legislative scheme—having the defendant specify his reasons for seeking a new trial and allowing the state an opportunity to challenge those reasons—the trial court is fully informed in its decision-making. The reason underlying these procedural rules is the great discretion vested in the trial court by the legislature under La. C.Cr.P. art. 851(5), to grant a new trial even when the defendant may not be entitled to one as a matter of strict legal right. We have described the trial court's discretion in that respect as "almost unlimited."[48] We find that the legislature balanced the great discretion conferred on the trial court in La. C.Cr.P. art. 851(5) by requiring adherence to the procedural rules.

Applying these concepts to McKinnies' case, we find there was no adherence to the procedural rules set forth by the legislature. Instead of inviting the defendant to supplement his motion based on its appreciation of the allegations of the defendant's motion, which would have allowed the state to address those additional reasons, the trial court, using the incorrect review standard for the information, granted a new trial on a ground not raised by the defendant, and for which no evidence was presented. The defendant did not show how an injustice had been done to him. We are unable to discern a reason from the record, as there is nothing in the motion or presented at the hearing which would support the trial

---

[48] *Guillory*, 2010-1231, p. 4-5; 45 So.3d at 615.

18

court's conclusion.[49]   Additionally, the record is unclear whether the allegations raised by the defendant in his motion had anything to do with the trial judge's conclusions about the evidence presented at trial or his evaluation of the witnesses' demeanor.   In the absence of anything raised in the defendant's motion or presented at the hearing to justify the trial court's ruling, we find the defendant failed to show a valid ground for new trial and hold that the trial court abused its discretion by granting the defendant's motion for new trial.[50]

## CONCLUSION

For the foregoing reasons, the trial court ruling granting a new trial is reversed and vacated and the jury's verdict is reinstated.  This matter is remanded to the trial court for sentencing of the defendant.

**REVERSED AND REMANDED.**

---

[49]   "[T]here is nothing evident from the hearing on the motion for a new trial that indicates why the trial court granted a new trial to serve the ends of justice."  *Guillory*, 2010-1231, p. 6; 45 So.3d at 616.

[50]   "Where the exercise of discretion is arbitrary and not judicial, and the judgment is unjust, it will be set aside." *Talbot*, 408 So.2d at 885.

SUPREME COURT OF LOUISIANA

NO. 13-K-1412

STATE OF LOUISIANA

VS.

QUINCY MCKINNIES, JR.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIFTH CIRCUIT, PARISH OF JEFFERSON

JOHNSON, Justice, dissents and assigns reasons.

I would affirm the decision of the court of appeal. Contrary to the majority opinion, I find the trial court had the procedural authority to grant defendant a new trial and did not abuse its wide discretion in finding that the verdict was contrary to law and evidence and that the ends of justice would be served by ordering a new trial.

On January 26, 2011, the state charged defendant with aggravated assault on a police officer with a handgun. A jury found defendant guilty as charged on October 18, 2011. Testimony at trial revealed that this case arose when five police officers and one police K-9 (Dog) gave chase to defendant after he ignored a police officer's attempt to hand him a "parking" citation. Defendant then entered a vehicle and sped away. At some point, defendant abandoned the vehicle and ran, and a foot case ensued. One of the five officers giving chase, Officer Ryan Mekdessie, testified that during the foot chase, he observed the defendant reach onto his waistband and, fearing for his life, Officer Mekdessie fired a total of five gunshots striking both the defendant and the police K-9. Detective Ashton Gibbs testified that he had seen a gun on the floorboard of the vehicle driven by defendant when he ticketed the parked vehicle.

The defendant denied having a weapon and no weapon was ever found. With this unusual backdrop, the trial court granted defendant's motion for new trial pursuant to La.C.Cr.P. art. 851(5) ruling that: "[T]he ends of justice would best be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right." The trial court issued a per curiam on March 5, 2012 outlining its reasons for granting the new trial under Article 851(5), stating:

> The court after hearing the testimony of witnesses, watching their demeanor while testifying, and considering the evidence presented by all parties, has reasonable doubt as to the guilt of the defendant. Therefore, the court believes that the ends of justice would best be served by granting defendant, Quincy McKinnies, a new trial.

The court of appeal upheld the trial court's decision to grant defendant a new trial, highlighting La.C.Cr.P. art. 851(1) and (5), which provide that the court shall grant a new trial whenever (1) the verdict is contrary to the law and the evidence; ... or (5) the court is of the opinion that the ends of justice would be served. The court of appeal found that the trial court adhered to the procedural and substantive requirements in granting defendant's motion for new trial, and that its reasons mirrored that of the statute.[1]

The court of appeal noted that in addition to the basis of "ends of justice" under Article 851(5), the trial court "expanded its ruling to include also La.C.Cr.P. art. 851(1) as a basis for finding that a new trial was also warranted because the verdict was contrary to the law and the evidence."[2] The court of appeal found that the trial court granted the new trial on grounds not urged in defendant's motion, but found that the trial court "stated his reasons within the strict parameters of [art. 851] and the court

---

[1] *State v. McKinnies*, 2012-0335 at 9 (La. App. 5 Cir. 5/16/13); 119 So.3d 147,152.

[2] *McKinnies*, 12-0335 at 10, 119 So. 3d at 153.

was within its discretion to consider additional grounds at the hearing."[3]  The court of appeal noted that "Nowhere did the Legislature dictate that the judge is restricted to the grounds asserted in the motion filed by defendant."[4]

Additionally, the court of appeal found that the trial court did not abuse its discretion by granting defendant a new trial under La.C.Cr.P. art. 851(1), noting that under Article 851(1), the trial court sits as a "thirteenth juror," reweighing the evidence and determining whether it agrees with the jury's resolution of the evidence, in effect becoming the trier of fact."[5]

The court of appeal further underscored that a "determination of the weight of the evidence is a question of fact, and in a criminal case, such a determination is not subject to appellate review.[6]  Moreover, under La.C.Cr.P. art. 858, "[n]either the appellate nor supervisory jurisdiction of the Supreme Court may be invoked to review the granting or the refusal to grant a new trial, except for error of law."

The decision on a motion for new trial rests within the sound discretion of the trial judge, and its ruling will not be disturbed on appeal absent a clear showing of abuse.[7]  The merits of such a motion must be viewed with extreme caution in the interest of preserving the finality of judgments.  As a general rule, a motion for new trial will be denied unless injustice has been done.[8]

Prior Louisiana law provided that "[e]very motion for a new trial must specify

---

[3]  *McKinnies*, 12-0335 at 11, 119 So.3d at 153. (citing La.C.Cr.P. art. 856).

[4]  *Id.*

[5]  *Id.*, (citing *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed.2d 652 (1982) (setting aside a verdict as against the weight of the evidence, as opposed to the insufficiency of the evidence under the Due Process Clause, does not bar retrial)).

[6]  La. Const. art. V, 10(B)."  *McKinnies*, 12-0335 at 12, 119 So.3d at 12.

[7]  *State v. Quimby*, 419 So.2d 951, 959 (La. 1982).

[8]  *State v. Johnson*, 08 1488, p. 17 (La. App. 4 Cir. 2/10/10), 33 So.3d 328, 338.

3

the grounds upon which relief is sought, must be tried contradictorily with the district attorney, and the proof must correspond with the allegations of the motion."[9]   The current version of former article 507, La.C.Cr.P. art. 852, eliminates the latter provision, and the Comments to the article note the significance of the change in language:

> The requirement of Art. 507 of the 1928 Code that the proof must correspond with the allegations of the motion, is omitted.  A new trial should be granted any time the defendant shows a valid ground therefor, even though he failed to state the ground in his motion.  The district attorney can be fully protected by the court's granting of additional time to prepare to meet a surprise ground that is asserted by the defendant.  Deletion of the 1928 Code limitation is supported, as a practical matter, by the fact that Art. 851(5) gives the court plenary authority to order a new trial whenever in its opinion the ends of justice would be better served, even though no legal ground for a new trial is stated.  La.C.Cr.P. art. 852, Off'l Rev. Cmt (b) (emphasis added).

The trial court had the authority in this situation to direct counsel to file a supplemental motion for a new trial raising the ground that the court deems appropriate for granting relief.  La.C.Cr.P. art. 856 ("[T]he court may permit the defendant to supplement his original motion by urging an additional ground, or may permit the defendant to file an additional motion for a new trial, prior to the court's ruling on the motion.") The trial court merely took a shortcut in finding grounds for granting defendant's motion for a new trial which was based on (entirely) unpersuasive allegations of newly discovered evidence ostensibly impeaching the credibility of Officer Mekdessie.  Here the testimony of Officer Mekdessie, the only witness to testify that he saw the defendant with a gun in his hands, was at odds with the testimony of the defendant who maintained that he did not have a gun in his possession during the time in question. The trial court made a credibility determination

---

[9]  La.C.Cr.P. art. 507 (1928).

4

when it specified that he had "reasonable doubt," which the court of appeal found equated with a "not guilty" verdict.[10]

It is clear that La.C.Cr.P. art. 852 eliminated any requirement that proof must conform to the allegations of the motion. As a consequence, "[a] new trial should be granted any time the defendant shows a valid ground therefor, even though he failed to state the ground in his motion."[11] Given the trial court's express authority under La.C.Cr.P. art. 856 to permit supplementation of a motion for new trial with additional grounds, it is my view that the trial court may grant a new trial on a basis not alleged by the defendant in his motion.

In my view, the trial court was correct to grant defendant a new trial. Thus, the majority errs in reversing the court of appeal's judgment affirming the trial court's grant of a new trial.

For the above reasons, I respectfully dissent.

---

[10] *McKinnies,* 12-0335 at 13, 119 So. 3d at 154.

[11] La.C.Cr.P. art. 852, Off'l Rev. Cmt (b).

5

**SUPREME COURT OF LOUISIANA**

**NO. 2013-K-1412**

*STATE OF LOUISIANA*

*VERSUS*

*QUINCY MCKINNIES, JR.*

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIFTH CIRCUIT, PARISH OF JEFFERSON**

VICTORY, J., concurs.