# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

CHRISTOPHER LEE JOHNSON

NO. 2026 KW 0024

**APRIL 8, 2026**

---

In Re:   State of Louisiana, applying for supervisory writs, 21st
         Judicial District Court, Parish of Livingston, No.
         45700.

---

BEFORE:   **THERIOT, BALFOUR, AND HAGGERTY,[1] JJ.**

 **WRIT GRANTED.** When ruling on a motion for new trial pursuant to La. Code Crim. P. art. 851(B)(3), a trial judge's duty is not to weigh the new evidence as though the court were a jury deciding guilt or innocence or to determine what is true or false in light of the additional information. Instead, the discretion vested in the trial judge in passing on a motion for a new trial based on the ground of newly discovered evidence in a criminal case is to be exercised in determining the diligence shown, the truth of the matters stated, and the materiality and probability of their effect, if they are believed to be true. See **State v. McKinnies,** 2013-1412 (La. 10/15/14), 171 So.3d 861, 871-72. Newly discovered evidence affecting only a witness's credibility ordinarily will not support a motion for a new trial, because new evidence which is merely cumulative or impeaching is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial. **State v. Cavalier,** 96-3052, (La. 10/31/97), 701 So.2d 949 (*per curiam*). The video evidence in question could have been used to impeach the testimony of the victim on count one. Furthermore, the record shows the district court found the defendant failed to meet his burden of proving he exercised reasonable diligence in discovering the evidence before trial. **State v. Savoie,** 2024-0769 (La. App. 1st Cir. 7/11/25), 417 So.3d 1149, 1152, writ denied, 2025-01006 (La. 1/28/26), 425 So.3d 115. Accordingly, the ruling granting the motion for new trial is reversed, the conviction and sentence on count one are reinstated, and this matter is remanded for further proceedings.

MRT
BDH

 **Balfour, J.,** dissents and would deny the writ application.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

---

[1] **Haggerty, J.,** serving *pro tempore*, by special appointment of the Louisiana Supreme Court.